IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMY L. SIMPLER, HANK SMITH, and DAVID C. DELPERCIO | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 19-1519-LPS |
| v. | ) ) | |
| HSBC NORTH AMERICA HOLDINGS, INC. a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS AMY L. SIMPLER, HANK SMITH, AND DAVID C. DELPERCIO MOTION FOR REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs Amy L. Simpler, Hank Smith, and David C. DelPercio (collectively, the "Plaintiffs" or "Former Employees"), by and through their undersigned counsel, respectfully move this Court, pursuant to 28 U.S.C. § 1447, to remand this action to the Superior Court of the State of Delaware and in support thereof state the following:

1. On June 4, 2019, Plaintiffs filed a Complaint against HSBC North America Holdings, Inc. ("Defendant" or "HSBC") in the Superior Court of Delaware, *Simpler v. HSBC North America Holdings, Inc.*, Case No. N19C-06-027-VLM (Del. Super. Ct.) (the "Delaware Superior Court Action").

2. On August 13, 2019, Defendant noticed the removal of the action to this Court based solely on this Court having original jurisdiction over the case pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. [D.I. 1 at ¶ 4]. Defendant further contends that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any purported state or common law

1

claims that are not preempted by and subject to the Employment Retirement Income Security Act of 1974 ("ERISA"). *Id.*

3. Defendant does not, nor could it, allege diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs are Delaware residents and Defendant is a Delaware corporation, thus failing the complete diversity requirement.

4. This Court does not have subject matter jurisdiction over the Delaware Superior Court Action and the Court should remand this matter for two reasons. First, Plaintiffs' claims are not completely preempted by ERISA because Plaintiffs assert state law causes of action based on HSBC's conduct. Plaintiffs do not assert claims under HSBC's Severance Pay Plan (the "Plan"). Second, even if Plaintiffs' claims arose out of the Plan, the Plan is not a covered plan under ERISA and, therefore, federal question jurisdiction is inapplicable.

## Background Facts

5. Plaintiffs are all former employees of HSBC and worked in its Wilmington, Delaware office. [D.I. 1 at Ex. A; Compl. at ¶ 1].[1] In early 2017, HSBC announced that it would be closing the division that the Plaintiffs worked in and that employees in that division including Plaintiffs would be laid off. Plaintiffs began working for HSBC in the 1990's. Compl. at ¶ 11. For a 2-3 year period, Plaintiffs worked for Capital One after HSBC sold the division Plaintiffs worked in to Capital One, who then sold the division back to HSBC and Plaintiffs rejoined HSBC as employees. *Id.* at ¶¶ 7, 11, 17.

6. Because the Plaintiffs began working for HSBC in the 1990's their Benefit Service Date was from the 1990's, but their most recent hire date was either in late 2013 or early 2014

---

[1] Attached hereto as Exhibit A is a copy of Plaintiffs' Complaint filed in the Delaware Superior Court. References to "Compl. at ___" shall refer to Plaintiffs' Complaint.

2

when they returned to HSBC from Capital One. *Id.* at ¶¶ 11, 12, 14. Under the terms of the Plan, severance benefits are paid out to employees based on their most recent hire date. *Id.* at ¶ 1. A true and correct copy of the Summary Plan Description is attached hereto as Exhibit B.

7. Because Plaintiffs worked for Capital One only because of HSBC's sale of its division to Capital One, and because Plaintiffs returned to HSBC when Capital One sold their division back to HSBC, Plaintiffs thought that they might be entitled to benefits based on their time of service and not most recent hire date. Between April 2017 through January 2018, Plaintiffs repeatedly asked Defendant's managers and executives if their Benefit Service Date or most recent hire date would be used to calculate their severance benefits. Compl. at ¶¶ 11-24. During this time, Defendant's managers and executives never told Plaintiffs that their Benefit Service Date would not be used. Instead, Defendant's Chief Operating Officer told plaintiff Amy Simpler that HSBC would do the "right thing" and use their Benefit Service Date. *Id.* at ¶ 20. Defendant's Chief Operating Officer also told plaintiff David DelPercio that HSBC would use his Benefit Service Date to calculate the severance he would receive. *Id.* at ¶¶ 13, 17. Likewise, Defendant's Vice President and Human Resources Manager repeatedly misled Plaintiffs in order to induce them into believing that their Benefit Service Date would be used to calculate their severance. *Id.* at ¶¶ 23, 24.

8. It was not until February 26, 2018, after HSBC induced Plaintiffs to stay an additional 10 months in a dead-end job, that HSBC told them that HSBC would not use their Benefit Service Date to calculate their severance, but instead their most recent hire date. *Id.* at ¶ 25. As a result of HSBC's decision, Plaintiffs would have received 8 weeks of severance pay rather than 52 weeks for Mr. DelPercio, 44 weeks for Mr. Smith, and 42 weeks for Ms. Simpler.

*Id.* at ¶ 9. Plaintiffs filed an internal administrative appeal with HSBC but were unable to resolve their dispute. *Id.* at ¶¶ 26, 27.

9. After Plaintiffs exhausted their internal administrative appeals with HSBC, they initiated the Superior Court Action. Plaintiffs assert three bases of relief against HSBC. Counts I-III assert claims for promissory estoppel. Compl. at ¶¶ 29-47. Counts IV-VI assert claims for unjust enrichment. *Id.* at ¶¶ 48-68. Counts VII-IX assert claims for quantum meruit. *Id.* at ¶¶ 69-80. Plaintiffs do not, however, assert claims for breach of the Plan, nor do Plaintiffs seek to establish rights under the Plan. Rather, Plaintiffs seek to enforce HSBC's repeated promises and misrepresentations made to them concerning their entitlement to severance.

## Argument

10. A federal court must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of demonstrating that removal is proper. *Steel Valley Auth. v. Union Switch Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). According to the Third Circuit, it "is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth.*, 809 F.2d at 1010. In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed." *Id.*; *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

11. Here, Plaintiffs assert three common law claims arising out of Delaware law. Accordingly, Plaintiffs' claims are not preempted by ERISA. The Supreme Court has instructed that "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's

4

actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)."
*Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). As Judge Robinson noted:

> To determine whether plaintiff's state law claims fall within the scope of § 502(a)(1)(B) of ERISA, the court must determine whether plaintiff's claims, properly construed, are "to recover benefits due ... under the terms of [the] plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan."

*Minker v. HSB Industrial Risk Insurers*, 2000 WL 291542, at *3 (D. Del. Mar. 14, 2000) (quoting 29 U.S.C. § 1132(a); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 356 (3d Cir. 1995)).

12. In *Minker*, the plaintiff was a former employee of one of the defendants and contended that his former employer's conduct caused him to leave his employment before he had an opportunity to participate in a voluntary termination program. *Id.* at *2. The plaintiff asserted five common law claims against the defendants in the Delaware Superior Court but the defendants removed the action based on federal question and diversity jurisdiction. *Id.* at *1. In considering the plaintiff's motion to remand, the Court noted that defendant's voluntary termination program was part of an "ERISA-covered" employee benefits plan. *Id.* at *1, n.1. Despite finding that the defendant's benefits program was "ERISA-covered" the Court granted plaintiff's motion to remand.

13. The *Minker* Court held that it did not have federal question jurisdiction because the plaintiff "is not suing for benefits under the voluntary termination program, but is asserting State law causes of action based on defendants' alleged conduct which, he claims, deprived him of the opportunity to participate in the program." *Minker*, 2000 WL 291542, at *3. Accordingly, "plaintiff at bar is not attempting through his State law claims to recover benefits due to him under the terms of an ERISA plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* (internal quotations omitted).

14. This Court reached a similar result in *Gallagher v. E.I. du Pont De Nemours and Co.*, 2007 WL 1794149 (D. Del. June 19, 2007). There, the plaintiff contended that the defendant made "an oral promise for adequate compensation" but that defendant refused to allow him to participate in a certain Career Transition Program. *Id.* at *1. Plaintiff filed an action in Delaware Superior Court for specific performance, breach of contract, and breach of Delaware's Wage Payment and Collection Act. *Id.* The defendant then removed the action to this Court arguing that plaintiff's claims were completely preempted by ERISA. *Id.*

15. This Court disagreed. "Plaintiff's Complaint alleges state law claims for breach of contract, wages, and specific performance. Thus, the Court concludes that Plaintiff's claims are not preempted by federal law because the resolution of Plaintiff's claims does not involve the recovery of benefits due under the terms of the [plan], the enforcement of rights under the [plan], or rights to future benefits under the plan." *Id.* at *2.

16. Here, Plaintiffs did not participate in the Plan, do not assert that HSBC breached the Plan, do not seek to enforce rights under the Plan, nor seek the determination of rights to future benefits under the plan. Rather, Plaintiffs contend that HSBC made a series of promises and assertions to them in order to induce them to stay at HSBC and assist it in winding down their division. After inducing Plaintiffs to stay through the end of 2017 and into the beginning of 2018, HSBC reversed course and told Plaintiffs they would only receive 8 weeks of severance. Plaintiffs have asserted "an independent legal duty that is implicated by HSBC's conduct." *Aetna Health Inc.*, 542 U.S. at 210. Accordingly, Plaintiffs' common law claims are not preempted by ERISA.

17. Even if Plaintiffs' claims were preempted, the Plan is not covered by ERISA. "ERISA does not govern all employee benefits plans. It only applies to (1) employee pension benefits plans and (2) employee welfare benefits plans. . . ." *Reinstadtler v. Bayone Urethany*

*Systems, LLC*, 2007 WL 712204, at *3 (W.D. Pa. 2007) (quoting *Middleton v. Philadelphia Elec. Co.*, 850 F. Supp. 348 (E.D. Pa. 1994)). "[S]everance benefits do not implicate ERISA unless they require the establishment and maintenance of a separate and ongoing administrative scheme." *Girardot v. Chemours Co.*, 731 Fed. Appx. 108, 111 (3d Cir. 2018) (quoting *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538 (3d Cir. 1992)). Thus, "'[t]he requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme. . . . To do little more than write a check hardly constitutes the operation of a benefit plan.'" *Angst*, 969 F.2d at 1538 (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12, 107 S.Ct. 2211, 2218 (1987)). As a result, where an employer "entered into an obligation to provide lump-sum payments to a class of employees over a defined and relatively brief period," the obligation is not an ongoing administrative scheme governed by ERISA even where the employer makes "individualized determinations of the employees' eligibility to participate" in the plan. *Girardot* at 111, 112; *see also In re Joy Global, Inc.*, 346 B.R. 659, 667-68 (D. Del. 2006) (holding that a plan was not covered by ERISA because "once it was determined that an employee was going to be laid off, the amount of severance benefit was calculated according to the simple formula set forth in the [plan].").

18.  Here, the Plan contemplates one-time, lump sum payments. The Plan provides that "[s]everance will be paid out in a lump sum." Exhibit B at p. 8. The Plan also calculates the amount of severance based on a simple formula that considers only the employee's length of employment with HSBC. *Id.* at p. 6. Entitlement to benefits is also based on a simple criterion of whether the employee was scheduled to work 20 or more hours per week. *Id.* at 5.

19.  Thus, there is no ongoing administrative scheme and the Plan is not covered by ERISA. Because Plaintiffs' claims are not preempted by ERISA and the Plan is not governed by

7

ERISA, supplemental jurisdiction cannot be invoked pursuant to 28 U.S.C. § 1367. In accordance with 28 U.S.C. § 1447(c), remand back to the Delaware Superior Court is required.

20. Plaintiffs should also be awarded their fees and costs associated with this motion. 28 U.S.C. § 1447(c) provides "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Shifting fees on a motion to remand is appropriate where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The "district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Mints v. Educational Testing Service*, 99 F.3d 1253, 1260 (3d Cir. 1996). Shifting fees is appropriate here because HSBC could not have had an objectively reasonable basis for removing the Superior Court Action. It has been the law in the United States for over 30 years that "'[t]he requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme. . . . To do little more than write a check hardly constitutes the operation of a benefit plan.'" *Angst*, 969 F.2d at 1538 (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12, 107 S.Ct. 2211, 2218 (1987)). The Plan is unambiguous that "[s]everance will be paid out in a lump sum." Exhibit B at p. 8. HSBC, therefore, could not have had an objectively reasonable basis for concluding that the Plan was governed by ERISA triggering this Court's federal question jurisdiction.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request the Court remand this matter back to the Delaware Superior Court and award Plaintiffs their fees and costs associated with Defendant's improper removal.

                              **BERGER HARRIS LLP**

                        By:  /s/  *David B. Anthony*
                            Brian M. Gottesman, Esq. (DE ID No. 4404)
                            David B. Anthony, Esq. (DE ID No. 5452)
                            Peter C. McGivney, Esq. (DE ID No. 5779)
                            1105 N. Market Street, Ste 1100
                            Wilmington, DE 19801
                            (302) 655-1140  telephone
                            (302) 655-1131  fax
                            bgottesman@bergerharris.com
                            danthony@bergerharris.com
                            pmcgivney@bergerharris.com

                            *Attorneys for Plaintiffs*

Dated: September 20, 2019