# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMY L. SIMPLER, HANK SMITH, and DAVID C. DELPERCIO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 1:19-cv-01519-LPS ) ) |
| HSBC NORTH AMERICA HOLDINGS, INC., | ) ) |
| Defendant. | ) ) |

## REPLY BRIEF IN SUPPORT OF DEFENDANT HSBC NORTH AMERICA HOLDINGS, INC.'S MOTION TO DISMISS

OF COUNSEL:

Samuel P. Myler
Nancy G. Ross
Megan S. Webster
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
smyler@mayerbrown.com
megan.webster@mayerbrown.com
nross@mayerbrown.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Kenneth J. Nachbar (#2067)
Ryan D. Stottmann (#5237)
Sabrina M. Hendershot (#6286)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
knachbar@mnat.com
rstottmann@mnat.com
shendershot@mnat.com

*Attorneys for Defendant HSBC North America Holdings, Inc.*

December 6, 2019

## **TABLE OF CONTENTS**

Page

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    THE PLAN IS AN ERISA PLAN ........................................................................... 2

    II.   PLAINTIFFS' CLAIMS ARE EXPRESSLY PREEMPTED ................................ 6

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*1975 Salaried Ret. Plan for Eligible Empls. of Crucible, Inc. v. Nobers*,
    968 F.2d 401 (3d Cir. 1992)..................................................................................................7

*Angst v. Mack Trucks, Inc.*,
    969 F.2d 1530 (3d Cir. 1992)............................................................................................2, 5

*Collins v. Ralston Purina Co.*,
    147 F.3d 592 (7th Cir. 1998) ................................................................................................3

*Darlin v. Consolidated Rail Corp.*,
    93 F. Supp. 2d 599 (E.D. Pa. 2000) .....................................................................................6

*Deibler v. United Food and Commercial Workers' Local Union 23*,
    973 F.2d 206 (3d Cir. 1992)..................................................................................................4

*Donovan v. Dillingham*,
    688 F.2d 1367 (11th Cir. 1982) ............................................................................................4

*Fort Halifax Packing Co. v. Coyne*,
    482 U.S. 1 (1987).........................................................................................................2, 3, 4

*Girardot v. Chemours Co.*,
    731 Fed. Appx. 108 (3d Cir. 2018) ......................................................................................5

*Kosakow v. New Rochelle Radiology Assocs.*,
    274 F.3d 706 (2d Cir. 2001).................................................................................................5

*Makwana v. Express Scripts, Inc.*,
    Civ. No. 14-7096, 2015 WL 4078048 (D.N.J. July 6, 2015).......................................................6

*Menkes v. Prudential Ins. Co. of America*,
    762 F.3d 285 (3d Cir. 2014).................................................................................................7

*Minker v. HSB Indus. Risk Insurers*,
    Civ. No. 99-494-SLR, 2000 WL 291542 (D. Del. Mar. 14, 2000)..........................................6

*N.J. Carpenters and Trs. Thereof v. Tishman Const. Corp. of New Jersey*,
    760 F.3d 297 (3d Cir. 2014).................................................................................................7

*Pane v. RCA Corp.*,
    868 F.2d 631 (3d Cir. 1989)..............................................................................................5, 6

*Shaver v. Siemens*,
    670 F.3d 462 (3d Cir. 2012).................................................................................................5

*Tischmann v. ITT/Sheraton Corp.*,
    145 F.3d 561 (2d Cir. 1998)..................................................................................................6

*In re U.S. Healthcare, Inc.*,
    193 F.3d 151 (3d Cir. 1999)..................................................................................................7

*Woerner v. Fram Group Operations, LLC*,
    658 Fed. Appx. 90 (3d Cir. 2016)........................................................................................4

*Zgrablich v. Cardone Industries, Inc.*,
    Civ. No. 15-4665, 2016 WL 427360 (E.D. Pa. Feb. 3, 2016) ..............................................6

**Statutes**

28 U.S.C. § 1331...........................................................................................................................1

29 U.S.C. § 1132(e)(1)..................................................................................................................1

ERISA § 502(a).........................................................................................................................2, 7

ERISA § 514(a).............................................................................................................................7

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................1

## NATURE AND STAGE OF THE PROCEEDINGS

On June 4, 2019, plaintiffs Amy L. Simpler, Hank Smith, and David C. DelPercio ("Plaintiffs") filed a nine-count complaint ("the Complaint") alleging various state law claims for severance benefits against defendant HSBC North America Holdings Inc. ("HSBC") in the Superior Court of the State of Delaware. *Simpler v. HSBC North America Holdings, Inc.*, Case No. N19C-06-027-VLM (Del. Super.) ("the State Court Action"). HSBC was served in the State Court Action on July 24, 2019, but immediately removed the case to this Court on the ground that it has original jurisdiction over each of Plaintiffs' state law claims under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). (D.I. 1, Notice of Removal, ¶ 4).

On September 20, 2019, HSBC moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (D.I. 7. Motion to Dismiss for Failure to State a Claim ("Mot. Dism.")). That same day Plaintiffs moved to remand the case to the Superior Court of the State of Delaware on the basis that this Court does not have subject matter jurisdiction over their claims. (D.I. 6, Motion to Remand for Lack of Subject Matter Jurisdiction ("Mot. Remand")). The parties filed their respective briefs in opposition to the aforementioned motions on November 15, 2019. (D.I. 11, Defendant's Opposition to Motion to Remand ("Mot. Remand Opp. Br."), D.I. 12, Plaintiffs' Answering Brief in Opposition to Motion to Dismiss ("Mot. Dism. Opp. Br.")). HSBC now files the instant reply in support of its motion to dismiss.

## SUMMARY OF ARGUMENT

Plaintiffs' opposition to Defendant's motion to dismiss raises two basic arguments. First, Plaintiffs argue that their state law claims are not subject to preemption because the HSBC – North America (U.S.) Severance Pay Plan ("the Plan") is not governed by ERISA. Second, they argue that, even if the Plan is subject to ERISA (which it is), their claims are not preempted

because they do not fall within the scope of ERISA § 502(a)(1)(B). Neither of these arguments has any merit.

Plaintiffs' argument that the Plan is not governed by ERISA is premised on a short-sighted and narrow interpretation of both Supreme Court and Third Circuit precedent. Contrary to Plaintiffs' contentions, the fact that the Plan provides lump-sum payments to beneficiaries is not dispositive (or even particularly important) to the question of whether it is governed by ERISA. Instead, what matters is whether, when considered in context and in light of all surrounding circumstances, the Plan constitutes the type of "ongoing administrative scheme" ERISA was intended to regulate. As explained below, the Plan's context, the circumstances surrounding Plaintiffs' claims, and the relevant factors that have been identified by the Supreme Court and Third Circuit demonstrate that the Plan indisputably amounts to just such a scheme.

Plaintiffs' additional argument that their claims are not preempted, even if the Plan is governed by ERISA, fails from the outset because it is premised on and applies the wrong legal standard. Rather than apply the legal standard governing *express* preemption, which is at issue here, Plaintiffs apply the legal standard related to the distinct, and strictly jurisdictional, concept of *complete* preemption. When the correct legal standard—*i.e.* whether the claims "relate to" an ERISA plan—is applied, it is evident that Plaintiffs' claims must be dismissed.

## ARGUMENT

### I.  THE PLAN IS AN ERISA PLAN

In assessing whether a program for providing benefits constitutes an employee welfare benefit plan governed by ERISA, the central question is whether the benefits are provided pursuant to "a separate and ongoing administrative scheme." *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538 (3d Cir. 1992) (citing *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987)). Relying primarily on the Supreme Court's decision in *Fort Halifax*, Plaintiffs contend

that the Plan did not qualify as such a scheme because the benefits provided were limited to a "one-time, lump-sum payment." (D.I. 12, Mot. Dism. Opp. Br., at 9 (citing *Fort Halifax*, 482 U.S. at 12)). Plaintiffs' narrow focus on the type and manner of payment under the Plan fails to account for the various other factors relevant to the Court's analysis.

As an initial matter, Plaintiffs' argument ignores the fact that the type of lump-sum payment provided by the Plan in this case are distinguishable from those at issue in *Fort Halifax*. Although both the Plan and the severance program in *Fort Halifax* provided for lump-sum payments upon the occurrence of certain events, the events in question differ in material ways, as does the manner in which the lump-sum payments are calculated. In particular, in *Fort Halifax* the employer was obligated under a Maine statute "requiring employers, in the event of a plant closing, to provide a one-time severance payment to [terminated] employees[.]" *Fort Halifax*, 482 U.S. at 1. The Plan, by contrast, provides for potentially multiple lump-sum payments to an unascertainable number of employees that may be terminated over an indefinite time-period. (D.I. 8-1, Mot. Dism. Ex. A ("Plan Document"), at 3-4 (identifying eligible employees), 8 (providing that plan can be terminated at any time, but not specifying a termination date)). Accordingly, the Plan involves the potential for "periodic demands on its assets that create a need for financial coordination and control," thereby distinguishing it from the Maine statute at issue in *Fort Halifax*. *Fort Halifax*, 482 U.S. at 12. *See also Collins v. Ralston Purina Co.*, 147 F.3d 592, 595-96 (7th Cir. 1998) (distinguishing *Fort Halifax* on the ground that the severance plan required "the company to budget for the prospect of paying out disbursements of varying amounts to its managers and at varying times"). In fact, the Supreme Court expressly acknowledged in *Fort Halifax* that plans that impose periodic financial demands of the type at issue here generally require benefits administration schemes governed by ERISA. *Fort Halifax*, 482 U.S. at 14 n.9, 18 n.10 (noting that although certain benefits may represent "a one-time

3

payment from the perspective of the beneficiaries," these benefits are nevertheless provided pursuant to an ERISA plan if from the employer's perspective there is a process in place to provide them on an ongoing basis as individual employees become eligible).

Furthermore, even if the type of payment provided by the Plan is relevant, the Third Circuit has instructed that benefits programs must be examined "in light of *all* of the surrounding facts and circumstances." *Deibler v. United Food and Commercial Workers' Local Union 23*, 973 F.2d 206, 209-10 (3d Cir. 1992) (emphasis added). *See also Woerner v. Fram Group Operations, LLC*, 658 Fed. Appx. 90, 94-95 (3d Cir. 2016). Ultimately, the determination turns on whether all of these facts and circumstances indicate that the program constitutes an ongoing administrative scheme. *Fort Halifax*, 482 U.S. at 12. Although the manner and type of payment contemplated by a program is relevant, it is *just one* of a number of factors courts consider. Here, when the various relevant factors are taken into account, it becomes clear that the Plan involves the type of administrative scheme ERISA was designed to regulate, despite the fact that it provided for lump-sum payments.

First, in *Deibler*, the Third Circuit explicitly endorsed the four-factor test developed by the Eleventh Circuit in *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982), for assessing "whether a 'plan' within the meaning of ERISA has been established." *Deibler*, 973 F.3d at 209. Under this "prevailing standard," an ERISA plan exists if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* (quoting *Donovan*, 688 F.2d at 1373). As explained in HSBC's opening brief, (D.I. 8, Brief in Support of HSBC Motion to Dismiss ("Mot. Dism. Br."), at 10-11), and again in HSBC's opposition to Plaintiffs' motion for remand, (D.I. 11, Mot. Remand. Opp. Br. ¶ 11), these factors all weigh in favor of a finding that the Plan is in fact governed by ERISA. Plaintiffs do not argue otherwise in their response.

4

More recently, in *Shaver v. Siemens*, 670 F.3d 462 (3d Cir. 2012), the Third Circuit expanded on the four *Donovan* factors it endorsed in *Deibler*.  In addition to the *Donovan* factors, the Third Circuit held in *Shaver* that the considerations relevant to whether a program constitutes an ERISA plan also include whether "a reasonable employee would perceive an ongoing commitment by the employer to provide some employee benefits."  *Shaver*, 670 F.3d at 477-78 (quoting *Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 737 (2d Cir. 2001)).  In assessing whether a program evidences an "ongoing commitment" subject to ERISA, the relevant inquiry is not whether the employer has committed to provide ongoing, regular, or long-term **benefits** to a particular employee, but rather whether the **program** evidences an ongoing commitment to provide benefits to the workforce as a whole.  *Shaver*, 670 F.3d at 478 (distinguishing "ERISA plans from short-term, discrete benefit arrangements that do not implicate ERISA").  Because the Plan was established to provide benefits on an ongoing basis, does not contain an express termination date (but can be terminated at any time), and provides benefits to any terminated HSBC employee that meets its eligibility criteria, it evidences an ongoing commitment by HSBC.  This commitment distinguishes the Plan from *ad hoc* or one-time programs, such as those at issue in *Girardot v. Chemours Co.*, 731 Fed. Appx. 108 (3d Cir. 2018) and *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538 (3d Cir. 1992), which the Third Circuit has held are not ERISA plans because they provide limited benefits to a specific group of employees affected by a single event.

Finally, the Third Circuit has recognized that plan provisions requiring an employer to make discretionary decisions regarding whether an employee is entitled to benefits are indicative of an ERISA-regulated "administrative scheme."  *Shaver*, 670 F.3d at 477; *Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir. 1989), *aff'g*, 667 F. Supp. 168 (D.N.J. 1987).  Plaintiffs contend that this consideration weighs in favor of a finding that that the Plan is not governed by ERISA because

each employee "that ha[s] not been terminated for specified reasons" is entitled to benefits without the need for a "particularized analysis" of their respective individual terminations. (D.I. 12, Mot. Dism. Opp. Br., at 9-10). However, Plaintiffs neglect the fact that the "specified reasons" HSBC must consider include, *inter alia*, whether an employee was terminated "for cause."[1] (D.I. 8-1, Plan Document, at 3-4). Such a determination has been identified as involving the type of discretionary decision-making that supports a finding that the plan is governed by ERISA. *See, e.g.*, *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 567 (2d Cir. 1998); *Pane*, 667 F. Supp. at 170-71; *Darlin v. Consolidated Rail Corp.*, 93 F. Supp. 2d 599, 601 (E.D. Pa. 2000); *Makwana v. Express Scripts, Inc.*, Civ. No. 14-7096, 2015 WL 4078048, at **8, 13-14 (D.N.J. July 6, 2015); *Zgrablich v. Cardone Industries, Inc.*, Civ. No. 15-4665, 2016 WL 427360, at *5 (E.D. Pa. Feb. 3, 2016). Thus, Plaintiffs' contention that the Plan does not require HSBC to exercise any discretion in awarding benefits is incorrect and contrary to the weight of authority holding otherwise.

## II. PLAINTIFFS' CLAIMS ARE EXPRESSLY PREEMPTED

In addition to arguing that the Plan is not governed by ERISA, Plaintiffs argue that the Complaint is not subject to dismissal on preemption grounds because it "do[es] not assert claims under the Plan." (D.I. 12, Mot. Dism. Opp. Br., at 10.) According to Plaintiffs, state law claims such as those at issue in this case are only preempted by ERISA if they are brought "(i) to recover benefits due under the terms of a plan, (ii) to enforce rights under the terms of a plan, or

---

[1] The Plan includes over two pages of criteria governing which employees are eligible and which employees are ineligible for severance benefits. For example, in addition to determining whether an employee was terminated "for cause," HSBC and the plan administrator must assess whether the terminated employee was offered a "substantially equivalent" position at another HSBC location, whether a departure by "mutual consent" warrants severance, and whether the employee has left employment prior to the official termination date. (D.I. 8-1, Plan Document, at 3-4). These and the Plan's myriad other eligibility requirements are paradigmatic of the type of administrative scheme Congress intended to afford a uniform body of regulations when it passed ERISA.

6

(iii) to clarify rights to future benefits under the terms of a plan." (*Id.* (citing *Minker v. HSB Indus. Risk Insurers*, Civ. No. 99-494-SLR, 2000 WL 291542, at *3 (D. Del. Mar. 14, 2000)). This argument is fundamentally flawed because it confuses *express* preemption with separate and distinct concept of *complete* preemption, and thereby applies the wrong legal standard.

The Third Circuit has repeatedly emphasized that ERISA provides for two distinct types of preemption: complete preemption under ERISA § 502(a), and express preemption under ERISA § 514(a). *N.J. Carpenters and Trs. Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). Complete preemption, which is addressed in HSBC's opposition to Plaintiffs' motion for remand, (Mot. Remand. Opp. Br. ¶¶ 6-8, 14-16), is a "jurisdictional concept" that "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *N.J. Carpenters*, 760 F.3d at 302 (citing *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999)). Specifically, under Third Circuit precedent, a state law cause of action is "completely preempted" by ERISA and subject to removal if it falls within the scope of any of the civil enforcement provisions provided by ERISA § 502(a), including ERISA § 502(a)(1)(b), which enables participants to file suit for benefits under the terms of a plan. *Id.* Express preemption, by contrast, is a "substantive concept" governing the applicable law and whether a set of allegations sets forth a viable legal claim. *N.J. Carpenters*, 760 F.3d at 302. For a complaint to be subject to dismissal on the ground that it is expressly preempted by ERISA, it need not fall within the scope of ERISA § 502(a), it must only "relate to" the terms of an ERISA plan. *Menkes v. Prudential Ins. Co. of America*, 762 F.3d 285, 293-94 (3d Cir. 2014).

As HSBC explained in its opening brief, the claims at issue in this case unequivocally, and necessarily, "relate to" the Plan for express preemption purposes because if the Plan did not exist, there would be nothing to allegedly misrepresent and no additional severance to recover.

7

(D.I. 8, Mot. Dism. Br., at 7-9). In other words, "if there were no plan, there would [] be no cause of action." *1975 Salaried Ret. Plan for Eligible Empls. of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992). For this reason, both the Supreme Court and the Third Circuit have time-and-again held that factually analogous claims are expressly preempted by ERISA § 514(a) and subject to dismissal. (*See* D.I. 8, Mot. Dism. Br., at 8 (collecting cases)).

## CONCLUSION

For the foregoing reasons, defendant HSBC North America Holdings, Inc. respectfully requests that this Court enter an order dismissing Plaintiffs' complaint in its entirety.

| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| | */s/ Ryan D. Stottmann* |
| Samuel P. Myler | Kenneth J. Nachbar (#2067) |
| Nancy G. Ross | Ryan D. Stottmann (#5237) |
| Megan S. Webster | Sabrina M. Hendershot (#6286) |
| MAYER BROWN LLP | 1201 N. Market Street |
| 71 S. Wacker Drive | P.O. Box 1347 |
| Chicago, IL 60606 | Wilmington, DE 19801 |
| (312) 782-0600 | (302) 658-9200 |
| smyler@mayerbrown.com | knachbar@mnat.com |
| megan.webster@mayerbrown.com | rstottmann@mnat.com |
| nross@mayerbrown.com | shendershot@mnat.com |
| | *Attorneys for Defendant HSBC North America Holdings, Inc.* |

December 6, 2019

## **CERTIFICATE OF SERVICE**

I, Sabrina M. Hendershot, hereby certify that on December 6, 2019, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

*/s/ Sabrina M. Hendershot*
Sabrina M. Hendershot (#6286)