IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMY L. SIMPLER, HANK SMITH, and DAVID C. DELPERCIO<br><br>Plaintiffs,<br><br>v.<br><br>HSBC NORTH AMERICA HOLDINGS, INC.<br>a Delaware corporation,<br><br>Defendant. | C.A. No. 19-1519-LPS |

**PLAINTIFFS AMY L. SIMPLER, HANK SMITH, AND DAVID C. DELPERCIO
REPLY IN SUPPORT OF THE MOTION FOR REMAND
FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs Amy L. Simpler, Hank Smith, and David C. DelPercio (collectively, the "Plaintiffs" or "Former Employees"), by and through their undersigned counsel, respectfully move this Court, pursuant to 28 U.S.C. § 1447, to remand this action to the Superior Court of the State of Delaware and in support thereof state the following:

**Introduction**

1. Plaintiffs originally filed their Complaint against HSBC North America Holdings, Inc. ("Defendant" or "HSBC") in the Superior Court of Delaware, *Simpler v. HSBC North America Holdings, Inc.*, Case No. N19C-06-027-VLM (Del. Super. Ct.) (the "Delaware Superior Court Action"). Defendant removed the action to this Court on the grounds that this Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. On September 20, 2019, Plaintiffs moved to remand this case for lack of subject matter jurisdiction. D.I. 6, ("Remand Motion"). Also on September 20, 2019, Defendant filed a

1

motion to dismiss Plaintiffs' state law claims, contending the claims are preempted by ERISA. Defendant opposes the Remand Motion based largely on the same grounds as its motion to dismiss, specifically that (i) Plaintiffs' claims are completely preempted by ERISA and subject to removal and (ii) supplement jurisdiction is appropriate with respect to any state law claims are not preempted by ERISA. *See* D.I. 11.

3.      In the Complaint, Plaintiffs assert three bases of relief against HSBC: (i) promissory estoppel (Counts I-III); (ii) unjust enrichment (Counts IV-VI); and (iii) quantum meruit (Counts VII-IX). *See* Compl. ¶¶ 29-80. HSBC attempts to characterize these claims as within ERISA's civil enforcement scheme.

4.      HSBC's argument ignores the fact that nowhere in the Complaint do Plaintiffs assert claims for breach of, nor do they seek to establish rights under, HSBC's Severance Pay Plan (the "Plan"). Plaintiffs' claims, grounded in Delaware common law, arise from the repeated promises and misrepresentations Defendant made to each of the Plaintiffs concerning their entitlement to severance in order to induce Plaintiffs continue working a dead-end job.

## Argument

I.      **PLAINTIFFS' CLAIMS ARE NOT PREEMPTED BY ERISA AND ARE NOT SUBJECT TO REMOVAL.**

5.      The federal removal statutes "are strictly construed and require remand to State court *if any doubt exists over whether removal was proper.*" *Tolliver v. Delmarva Found. For Medical Care*, 2018 WL 3629590, at *1 (D. Del. July 31, 2018) (citing *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 104 (1941) (emphasis added). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed." *Id.* (citing *Steel Valley Auth. v. Union Switch Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

6. Defendant contends that Plaintiffs' claim are subject to, and removal is appropriate under, the complete preemption doctrine. This contention, however, is misplaced.

7. "The situations in which the Supreme Court has found complete preemption to exist are extremely limited" to two settings: "(1) suits to enforce a collective bargaining agreement ... and (2) suits for benefits under or to enforce rights *provided by a plan* covered by [ERISA] pursuant to section 502(a)(1)(B)." *Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 F.Sup.. 947, 953 (D. Del. 1997) (emphasis added).

**A.   The Severance Pay Plan in not governed by ERISA.**

8. The key distinction for this Court's analysis is whether Plaintiffs' claims seek benefits or the enforcement of rights provided by a plan. The Severance Pay Plan does not constitute an employee benefit plan governed by ERISA because it did not create an ongoing administrative scheme.

9. "[S]everance benefits do not implicate ERISA unless the require the establishment *and maintenance of a separate and ongoing administrative scheme.*" *In re Joy Global, Inc.*, 346 B.R. 659, 667 (Bankr. D. Del. 2006) (citing *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538 (3d Cir. 1992); *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987). "Indeed to do little more than write a check hardly constitutes the operation of a benefit plan." *Id.* (citing *Fort Halifax*, 482 U.S. at 12) (internal quotation marks omitted). *Accord Willis Re Inc. v. Hearn*, 200 F.Supp.3d 540, 550 (E.D.Pa. 2016) ("As our Court of Appeals instructs in *Angst v. Mack Trucks*, a one-time lump-sum payment which does not create a new administrative scheme or impose new administrative requirements but requires continuation of an existing procedure is not an ERISA pension plan.") (citing *Angst*, 969 F.2d at 1538).

10. Here, the claims asserted do not require HSBC to establish and maintain a separate

and ongoing administrative scheme. To the contrary, had HSBC honored its promises to Plaintiffs, which were made after it was determined Plaintiffs would be laid off, HSBC would only be required to write a check to each of the Plaintiffs as a one-time, lump-sum payment. In the *Joy Global* case, the Court held that:

> [O]nce it was determined that an employee was going to be laid off, the amount of severance benefit was calculated according to the simple formula set forth in the Policy, the employee was informed of the benefit, and the benefit was paid out in installments. [ ]Those "procedures" involve little more than doing arithmetic and writing a check. The fact that payments were made in installments rather than as a lump sum does not, in this case, transform the task into a set of procedures implicating ERISA.

*See In re Joy Global, Inc.*, 346 B.R. at 668 (citing *James v. Fleet/Norstar Fin. Group, Inc.*, 992 F.2d 463, 466-67 (2d Cir. 1993).

11. Even if HSBC was required to do more than write a check, the payment of Plaintiffs' severance would still not constitute a "plan" for ERISA purposes. According to Third Circuit precedent, a severance plan which included "an initial lump-sum payment followed by one year of benefits to employees … did not implicate ERISA." *Willis Re Inc.*, 200 F.Supp.3d at 550 (citing *Angst*, 969 F.2d at 1538).

12. Defendant's attempts to distinguish the holdings of *Angst* and *Girardot*[1] and their progeny are unavailing. Indeed, their holdings did not turn on the types of programs or plans at issue. The holdings focus on the benefit to be conferred to the employee (or former employee) and whether the undertaking required of the employer (or former employer) amounts to either making a lump sum payment or series of payments based on simple calculations *or* creating a new administrative scheme or requirements.

13. The Plan itself states that severance is to be paid out in a lump sum. *See* Remand

---

[1] *Girardot v. Chemours Co.*, 731 Fed. Appx. 108 (3d Cir. 2018).

Motion, Ex. B p. 8. Additionally, severance is calculated according to a simple formula based on the employee's length of employment. *Id.* at p. 6. Defendant cannot seriously contend that this would require it to create a new administrative scheme.

14. Accordingly, Plaintiffs' claims are not preempted by ERISA and remand is required.

**B. Plaintiffs' Claims Are Outside the Scope of ERISA § 502(a) and Implicate an Independent Legal Duty.**

15. Defendants cite to no precedent from this Circuit to support their contention that the Plaintiffs' claims fall within the scope of ERISA § 502(a). Furthermore, *Minker* is directly on point with the circumstances underlying this case. *See Minker v. HSB Industrial Risk Insurers*, 2000 WL 291542 (D. Del. Mar. 14, 2000).

16. In *Minker*, this Court found that because the plaintiff's claims were based on the defendant's conduct, which deprived the plaintiff of the right to participate in the employee benefit plan, the state law claims were not preempted by ERISA. *Id.* at *3. Similarly, in *Gallagher*, the defendant induced the plaintiff to continue working, foregoing severance benefits, by making representations that the plaintiff would be sufficiently compensated. *See Gallagher v. E.I. Du Pont De Nemours & Co.*, 2007 WL 1794149, at *1 (D. Del. June 19, 2007).

17. This case is analogous to both *Minker* and *Gallagher*. Here, the Defendant induced each of the Plaintiffs to continue working based on promises that they would be adequately compensated. This conduct created an independent legal duty on the part of Defendant to honor its promises to adequately compensate Plaintiffs.

18. And, the claims asserted against Defendant – based solely on the Defendant's conduct and representations: promissory estoppel, unjust enrichment and quantum meruit – all seek to enforce the independent legal duty Defendant owes to Plaintiffs by way of Defendant's

promises that Plaintiffs' Benefit Service Date would be used when calculating severance pay in order to induce Plaintiffs to continue working for HSBC.

## II. SUPPLEMENTAL JURISDICTION IS INAPPROPRIATE BECAUSE THE COURT HAS NO ORIGINAL JURISDICTION.

19. Defendant's argument assumes that the Court will retain original jurisdiction over at least one of the Plaintiffs' claims. However, as set forth above, each of Plaintiffs' claims arise out of and are governed by Delaware state law. There is no federal preemption of these claims and, more importantly, none of these claims involve a federal question. Accordingly, this Court lacks subject matter jurisdiction over this dispute and remand to Delaware Superior Court is warranted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

## III. PLAINTIFFS ARE ENTITLED TO FEES AND COSTS.

20. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." HSBC has caused months of delay in this litigation and significantly increased Plaintiffs' costs, despite the fact that the precedent in this jurisdiction is clear – a one-time, lump-sum severance payment is not governed by ERISA and there is no preemption of Plaintiffs' claims.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request the Court remand this matter back to the Delaware Superior Court and award Plaintiffs their fees and costs associated with Defendant's improper removal.

**BERGER HARRIS LLP**

By: /s/ David B. Anthony
    Brian M. Gottesman, Esq. (DE ID No. 4404)
    David B. Anthony, Esq. (DE ID No. 5452)
    Peter C. McGivney, Esq. (DE ID No. 5779)
    1105 N. Market Street, Ste 1100
    Wilmington, DE 19801
    (302) 655-1140  telephone
    (302) 655-1131  fax
    bgottesman@bergerharris.com
    danthony@bergerharris.com
    pmcgivney@bergerharris.com

    *Attorneys for Plaintiffs*

Dated: December 6, 2019